IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD BODDIE, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : NO. 12-05053 |
| | : |
| SHOP RITE SUPERMARKET and | : |
| BROWN'S SUPERSTORES, LLC and | : |
| UNITED FOOD AND COMMERICAL | : |
| WORKERS (UFCW Local 1776) and | : |
| ZALLIES SHOPRITE | : |
| | : |
| Defendants | : |

## ORDER

**AND NOW,** this 26th day of June, 2013, upon consideration of "Defendant [Brown's Super Stores, Inc.]'s Motion to Dismiss Plaintiff's Complaint" (Doc. No. 12) and "United Food and Commercial Workers (UFCW Local 1776) Motion to Dismiss Counts I, II and VII of Complaint" (Doc. No. 10), and the responses and replies thereto, we find as follows:

FACTUAL AND PROCEDURAL HISTORY

1. Plaintiff was employed by Defendant Brown's Super Stores, LLC (incorrectly captioned as "Shop Rite Supermarket" and "Brown's Superstores, LLC") ("Brown's") from April 20, 2008, until his termination on April 2, 2012. Plaintiff was thereafter employed by Defendant Zallies Shoprite[1] from July 21, 2012, until he was terminated on August 31, 2012. (Compl. ¶¶ 40, 43, 51.)

2. Plaintiff was a member of Defendant United Food and Commercial Workers Union UFCW Local 1776 ("Union") which had a Collective Bargaining Agreement

---

[1] Defendant Zallies Shoprite reached a settlement with Plaintiff and is no longer a party to this action.

("CBA") with Brown's in effect during Plaintiff's employment.  (Compl. ¶¶ 3, 46, 47.)

3. In January 2010, while employed by Brown's, Plaintiff filed a complaint with Brown's management and his Union representative regarding the conduct of department manager, Ray Bechionne.  As a result of this complaint, Bechionne was demoted and transferred to another store.  In March 2010, Brown's informed Plaintiff that he would be transferred to another store due to his complaint regarding Bechionne.  In response, Plaintiff complained to his union representative and filed a complaint against Brown's with the PA Human Relations Commission.  The union was able to prevent Plaintiff's transfer.  (Compl. ¶¶ 51-54.)

4. In February 2010, Plaintiff fell while at work and injured his back and arm and filed a workers' compensation claim.  In 2011, Plaintiff experienced two other work-related injuries which caused him to be put on light-duty at work.  On March 29, 2012, Plaintiff presented Brown's management with a doctor's note that stated that he was required to take a two-month leave of absence due to his worsening condition.  (Compl. ¶¶ 12-17, 56.)

5. Later that same day, March 29, 2012, Plaintiff was suspended by Brown's pending their investigation of a customer complaint from a woman customer. Management told Plaintiff that the woman had complained that he had obtained her phone number through her Shoprite card application and improperly sent a photo of himself to her cell phone.  Brown's terminated Plaintiff on April 2, 2012, after a meeting between Brown's management and a Union representative.  On or about May 23, 2012, the Union Representative, Mark Jacobs, informed Plaintiff that the Union, after a

2

determination by their legal team, was not going to pursue a grievance over the termination. (Compl. ¶¶ 18-39.)

6. On June 22, June 26, and June 28, 2012, Plaintiff provided the Union with Facebook postings of Markita Fersner, a former employee of Brown's, and Kris Latimore, a Brown's employee, which purports to show that Brown's management set up Plaintiff in a scheme to terminate him. Despite having received these Facebook postings, the Union did not file a grievance regarding Plaintiff's termination. (Compl. ¶¶ 69-73.)

7. On July 21, 2012, Plaintiff was hired by Defendant Zallies Shoprite. At no time during his employment at Zallies Shoprite were there any disciplinary or performance issues. Plaintiff was terminated by Zallies Shoprite on August 31, 2012, after the management at Zallies Shoprite stated that Plaintiff was "on workers compensation at a prior ShopRite" and had an "on-going complaint with the union." (Compl. ¶¶ 40-43, 119-30.)

8. Plaintiff filed a complaint in this Court on September 4, 2012, alleging: (1) violation of his rights and privileges and breach of duty of fair representation pursuant to the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141, et seq. (Counts I, II); (2) retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-3, et seq. (Count III); (3) wrongful termination in violation of public policy for his seeking benefits under the Pennsylvania Workers' Compensation Act pursuant to 77 P.S. §§ 1 et seq., in violation of the public policy of Pennsylvania (Counts IV, VI);[2] and (4) civil conspiracy (Counts V, VII). (Compl. ¶¶ 44-130.)

---

[2] Plaintiff has withdrawn Count VI. (Pl's Resp. to Brown's, p. 11.) Accordingly, we will grant Brown's Motion with respect to Count VI.

9. On November 6, 2012, Defendant Brown's filed a motion to dismiss Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.  On November 6, 2012, Defendant Union filed a motion to dismiss Counts I, II, and VII of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.  The motions are now fully briefed and ready for disposition.

STANDARD OF REVIEW

10. To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id.  To determine the sufficiency of a complaint under Twombly and Iqbal, the Court must take the following three steps: (1) the Court must "tak[e] note of the elements a plaintiff must plead to state a claim;" (2) the court should identify the allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth;" and (3) "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (citations omitted).

11. Under Federal Rule of Civil Procedure 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  A motion to dismiss under Fed. R. Civ. P. 12(b)(1)

4

challenges the power of a federal court to hear a claim or case. Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a facial or factual challenge. See Church of the Universal Bhd. v. Farmington Twp. Supervisors, 296 Fed. Appx. 285, 287–88 (3d Cir. 2008). A facial challenge, which attacks a deficiency in the complaint, assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action or claim within the court's jurisdiction. Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Dismissal is only proper when the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408–09 (3d Cir. 1991) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

III.  DISCUSSION

12. Defendants first assert that Count I of the Complaint, which alleges a breach of the duty of fair representation against all Defendants stemming from his 2010 grievance regarding transfer to another store location, is time-barred. Defendants further argue that Counts I and II lack the factual plausibility necessary to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

13. Ordinarily, an employee who brings a claim against an employer for breach of a collective bargaining agreement is first required to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 163 (1983). However, an employee is not required to exhaust his remedies under the grievance procedures if the union

breaches its duty of fair representation in connection with the grievance process.  Id. at 164.

14. Counts I and II of Plaintiff's Complaint consists of intertwined claims of breach of duty of fair representation and violations of section 301 of the Labor Management Relations Act, commonly known as a "hybrid" claim. Id. at 165.  A traditional hybrid claim asserts that the employer breached the operative collective bargaining agreement and also asserts that the union breached its duty of fair representation.  Id. at 164. These two claims are "inextricably interdependent." Id.  To maintain a hybrid claim, the employee has the burden of demonstrating that (1) their discharge was contrary to the CBA, and (2) the Union breached its duty of fair representation.  Id. at 165.  Claims arising under section 301 are governed by the National Labor Relations Act's six-month statute of limitations for filing unfair labor practice charges. 29 U.S.C. § 160(b); DelCostello, 462 U.S. at 169–72.

15. In order to state a claim for a violation of the duty of fair representation, the Plaintiff must allege facts which demonstrate that the union's conduct was arbitrary, discriminatory or in bad faith.  Vaca v. Sipes, 386 U.S. 171, 190 (1967).  "The mere refusal of a union to take a complaint to arbitration does not establish a breach of duty, even if the member's claim was meritorious."  Bangura v. Pa. Soc. Servs. Union–SEIU 668, 2012 WL 6628045, at *3 (E.D. Pa. Dec. 20, 2012) (quoting Findley v. Jones Motor Freight, 639 F.2d 953, 958 (3d Cir. 1981)).  Instead, "proof of arbitrary or bad faith union conduct in deciding not to proceed with the grievance is necessary to establish lack of compliance with the fair representation."  Id.

16. Count I of the complaint is titled "Grievance Filed Against Transfer to Another Store Location." The facts alleged in this section specifically relate to events that occurred around March 2010, where Brown's informed Plaintiff that he would be transferred to another store, and in response, Plaintiff filed complaints and his transfer was prevented. (Compl. ¶¶ 51-54.) To the extent that Count I is based upon the March 2010 grievance filed against transfer to another store location, it is time-barred. See 29 U.S.C. § 160(b); DelCostello, 462 U.S. at 169–72. Any complaint based upon the alleged unfair labor practices occurring in 2010 should have been brought no later than 6 months after the unfair practice, which in this case would have been between late 2010 to early 2011. See DelCostello, 462 U.S. at 169–72. Accordingly, we will grant Defendants' motion with respect to Count I.³

17. Count II of the complaint is titled "Untrue Allegation by a Customer, named Jasmine." It lacks factual plausibility and contains only conclusory allegations. The complaint alleges that Brown's intentionally engaged in activities that violate the CBA, and that Union acted in an arbitrary, discriminatory and bad faith manner to breach its duty of fair representation. (Compl. ¶¶ 61-65.) However, the complaint does not specify which provisions of the CBA Brown's violated, nor does it contain sufficient factual matter, accepted as true, to support the conclusion that the Union acted in bad faith or in an arbitrary or discriminatory manner. Therefore, these allegations are no more than mere conclusions. Accordingly, they lack the factual plausibility under Twombly and Iqbal and are "not entitled to the assumption of

---

³ We note that in Plaintiff's responses to Union's and Brown's motions to dismiss, Plaintiff seems to argue that Count I is regarding his termination from Brown's on or about May 23, 2012. However, the Complaint discusses Plaintiff's termination in Count II. Therefore, even if Count I was construed as alleging a breach of the duty of fair representation relating to Plaintiff's termination, we would dismiss Count I as duplicative.

truth." See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (citations omitted). Consequently, we must grant Defendants' motions with respect to Count II.

18. Count III of Plaintiff's Complaint is titled "Retaliation for Asserting Rights Pursuant to 42 U.S.C. §§ 2000e-3 et al." However, Plaintiff's response to Brown's Motion to Dismiss no longer addresses any claim under Title VII. To the extent that Plaintiff asserts in Count III of his complaint that he suffered retaliatory conduct in violation of Title VII, he has failed to plead that he exhausted his required administrative remedies. A plaintiff asserting a claim under Title VII "must exhaust all required administrative remedies before bringing a claim for judicial relief." Mandel v. M & Q Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013) (quoting Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir.1997)). Before bringing a claim under Title VII, a complainant must have filed a charge and received a right-to-sue letter. Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001); McNasby v. Crown Cork & Seal Co., 888 F.2d 270, 282 (3d Cir. 1989). As the Complaint does not assert that Plaintiff exhausted his administrative remedies, Defendant Brown's motion must be granted as to Count III to the extent that it is based on Title VII.

19. Plaintiff's Complaint also asserts in Count III that he was terminated in retaliation for exercising his federally protected right to file a union grievance. (Compl. ¶ 80.) Defendant Brown's argues that this Court's jurisdiction is preempted by the National Labor Relations Board ("NLRB")'s primary jurisdiction over labor disputes. See San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236,

242-45 (1959). When a matter is arguably subject to the collective bargaining provision or the unfair labor practices provision of the National Labor Relations Act ("NLRA"), "state and federal courts must defer to the NLRB's primary jurisdiction." Joseph W. Davis, Inc. v. Int'l Union of Operating Eng'rs, Local 542, 636 F. Supp. 2d 403, 411 (E.D. Pa. 2008).

20. Section 7 of the NLRA protects the right of employees to "assist labor organizations" and "to engage in other concerted activities." 29 U.S.C. § 157. Section 8 of the NLRA makes it an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed" in section 7, and "to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter." Id. §§ 158(a)(1), (4).

21. Defendant Brown's argues that Plaintiff's claim of retaliation for exercising his federally protected right to file a union grievance is preempted by sections 7 and 8 of the NLRA under the principles of Garmon preemption, a doctrine originating in the Supreme Court's decision in San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236 (1959). Garmon preemption protects the exclusive jurisdiction of the NLRB over unfair labor practice proceedings; accordingly, if a cause of action implicates conduct that would be prohibited as an unfair labor practice under sections 7 and 8 of the NLRA, the cause of action is preempted. See id. at 242-45; see also Local 926, Int'l Union of Operating Engineers v. Jones, 460 U.S. 669, 676 (1983) (holding that if conduct is "actually or arguably protected or prohibited" by sections 7 or 8 of the NLRA, it is preempted); Voilas v. Gen. Motors Corp., 170 F.3d 367, 378 (3d Cir. 1999). Retaliation by an employer

against an employee for filing a grievance with a union or a human rights department constitutes a violation of Section 8 of the NLRA. See O.B. Williams Co., 252 NLRB 1024, 1028 (1980).

22. Although "Plaintiff's Opposition to Defendant [Brown's] Motion to Dismiss Plaintiff's Complaint" (Doc. No. 16) states that on June 6, 2012, Plaintiff filed a charge of retaliation with the NLRB, and that a final decision was issued on August 28, 2012, this claim was not contained within the Complaint. If a final decision was issued by the NLRB on Plaintiff's claims, Plaintiff may obtain a review of the final "order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in . . . ." 29 U.S.C. § 160(f); see also St. Margaret Mem'l Hosp. v. NLRB, 991 F.2d 1146, 1151 (3d Cir. 1993).

23. Regardless of Plaintiff's assertion in his response, "[t]o decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Therefore, this Court lacks subject matter jurisdiction due to the Garmon preemption over unfair labor practice proceedings as this cause of action implicates conduct that would be prohibited as an unfair labor practice under sections 7 and 8 of the NLRA. Furthermore, even if Plaintiff's claim under the NLRA had been properly pled and a final decision issued by the NLRB, that decision would generally be reviewable by the United States Court of Appeals for the Third Circuit, not the United States District Court for the Eastern District of Pennsylvania. See 29 U.S.C. § 160(f) ("Any person aggrieved by a final order of the Board granting or denying in whole or in part the

relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in . . ."). Accordingly, Defendant Brown's motion must be granted as to Count III.

24. Plaintiff asserts in Count IV of his Complaint that he was wrongfully terminated by Brown's for asserting workers' compensation rights pursuant to the Pennsylvania Workers' Compensation Act, 77 P.S. §§ 1 et seq. Pennsylvania recognizes a cause of action for wrongful discharge under circumstances that violate public policy which includes the termination of an employee for filing a workers' compensation claim. See Shick v. Shirey, 716 A.2d 1231, 1237 (1998). Such a cause of action, however, is limited to at-will employees. Workers employed under a collective bargaining agreement cannot maintain a tort action for wrongful discharge when the agreement provides protection from termination without cause. See Harper v. American Red Cross Blood Servs., 153 F. Supp. 2d 719, 721 (E.D. Pa. 2001); Ferrell v. Harvard Indus., Inc., 2001 WL 1301461, at *9 (E.D. Pa. Oct 23, 2001); Shafnisky v. Bell Atl., Inc., 2002 WL 31513551, at *10 (E.D. Pa. Nov. 5, 2002). Plaintiff admits that he was employed under a CBA which contained grievance provisions regarding termination; therefore, he cannot maintain this claim.

25. Furthermore, to the extent that Plaintiff's state law claims are founded on rights created under the CBA, section 301 of the LMRA preempts such claims. See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 562 (1968). Claims alleging a breach of a collective bargaining agreement are preempted as they fall under section 301 of the LMRA, and "[s]tate law does not

exist as an independent source of private rights to enforce collective bargaining contracts." Caterpillar Inc. v. Williams, 482 U.S. 386, 394, (1987) (quoting Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 376 F.2d 337, 340 (6th Cir. 1967), aff'd, 390 U.S. 557 (1968)). Accordingly, we must grant Defendant Brown's motion to dismiss Count IV of the Complaint.

26. Plaintiff asserts a cause of action for civil conspiracy in Count V of his complaint. Specifically, he asserts that Brown's committed overt acts of a common design with Markita Fernser and a customer named Jasmine, which caused actual damages to Plaintiff when he was terminated from Brown's employment. (Compl. ¶¶ 99-104.) "Under Pennsylvania Law, to overcome a motion to dismiss, a party asserting civil conspiracy must allege: '(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage.'" Combs v. NCO Fin. Sys., Inc., 2011 WL 1288686, at *3 (E.D. Pa. Apr. 5, 2011) (citing Strickland v. Univ. of Scranton, 700 A.2d 979, 987–88 (Pa. Super. Ct. 1997)). "Absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." Pelagatti v. Cohen, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987). Accordingly, as Plaintiff cannot maintain a state law action for wrongful discharge (Count IV), there can be no cause of action for civil conspiracy to commit that act. Therefore, Defendant Brown's motion must be granted with respect to Count V.

27. Plaintiff asserts an action for civil conspiracy in Count VII of his complaint against all Defendants, regarding the circumstances surrounding his termination by

Defendant Zallies Shoprite. (Compl. ¶¶ 40-43, 119-30.) The conspiratorial acts that Plaintiff alleges are absent any factual averments of Brown's or Union's involvement in Plaintiff's discharge from Zallies Shoprite, focusing instead on the actions and statements of Zallies Shoprite's employees. Any statements made about Union and Brown's are no more than conclusory allegations. Absent specific facts that Brown's or Union committed any overt acts in furtherance of a conspiracy to terminate Plaintiff's employment with Zallies Shoprite, Plaintiff has failed to state a claim for which relief may be granted.

28. As we have determined that all of Plaintiff's claims should be dismissed, the remaining issue is whether to grant leave for Plaintiff to file an amended complaint. Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." However, a district court may refuse to grant a leave to amend if such an amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). Here, we find that Plaintiff may be able to assert facts to support Count II. Therefore we will grant leave to amend this count.

**WHEREFORE**, it is hereby **ORDERED** that:

— "Defendant [Brown's Super Stores, Inc.]'s Motion to Dismiss Plaintiff's Complaint" (Doc. No. 12) and "United Food and Commercial Workers (UFCW Local 1776) Motion to Dismiss Counts I, II and VII of Complaint" (Doc. No. 10) are **GRANTED**.

— Counts I, III, IV, V, VI and VII are **DISMISSED** with prejudice. Count II is **DISMISSED** without prejudice. Plaintiff is granted leave to amend Count II in a manner consistent with the findings of this Order. Any such amended complaint shall

be filed within thirty (30) days of the date of this Order.  If Plaintiff fails to file an amended complaint within thirty (30) days, this case will be marked as closed.

                                    **BY THE COURT:**

                                  **/s/ Mitchell S. Goldberg**

                                  **Mitchell S. Goldberg, J.**